IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| JOHN DELACH, | ) |
| Plaintiff, | ) 2:23-CV-01632-MJH |
| vs. | ) |
| LINDY PAVING INC., LOCAL NO. 341, IBT, | ) |
| Defendants, | ) |

OPINION

Plaintiff, John Delach, brings the within action pursuant to Section 301 of the Labor Management Relations Act (LMRA) against his employer, Lindy Paving, Inc. (Lindy), and his union, Local No. 341, IBT (Union). (ECF No. 12). Lindy and the Union move for dismissal pursuant to Fed. R. Civ. 12(b)(6). (ECF Nos. 16 and 18).

Following consideration of Mr. Delach's Amended Complaint (ECF No. 12), Lindy and the Union's Motions to Dismiss (ECF Nos. 16 and 18), the respective briefs (ECF Nos. 17, 19, 20, and 21), and for the following reasons, Defendants' Motions will be granted.

I.  Background

From spring through fall, Lindy serves as a paving company. (ECF No. 12 at ¶ 7). Lindy employs seasonally, and Mr. Delach alleges that, for fifteen years, he has been continuously employed (during the paving season) as a Lindy truckdriver. *Id*. at ¶ 9. During his period of employment with Lindy, Mr. Delach had been covered by a collective bargaining agreement (CBA) between the Contractors' Association of Western Pennsylvania (CAWP) and the Union. *Id*. at ¶ 11.

In November/December 2022, when the weather became inclement, Lindy laid off Mr. Delach and his fellow truckdrivers. *Id*. at ¶ 25. Mr. Delach alleges that, in accordance with his seniority, Lindy recalled him in January 2023 for a couple days of special work. *Id*. at ¶ 27. Upon completion of the special work, Lindy again laid off Mr. Delach. *Id*. at ¶ 28.

Mr. Delach alleges that, at the beginning of the next paving season, in the spring of 2023, he inquired with Lindy as to when he would be recalled. *Id*. at ¶ 29. Lindy had recalled non-probationary truckdrivers, who were allegedly junior to Mr. Delach; but Lindy advised Mr. Delach that he would not be recalled under any circumstances. *Id*. at ¶¶ 30-32. Mr. Delach alleges the Lindy supervisor did not provide any explanation for this decision. *Id*. at ¶ 33. On the same day that Mr. Delach was told he would not be recalled, Mr. Delach advised Joseph Podolak, the Union president, of Lindy's decision, and he requested Mr. Podolak's intervention. *Id*. at ¶ 34.

Mr. Podolak requested Lindy to provide an explanation for its decision to not recall Mr. Delach; but Lindy allegedly refused to give Mr. Podolak any explanation for its actions, indicating that Lindy would get back to Mr. Delach with an explanation. *Id*. at ¶ 35. However, Lindy did not get back to Mr. Podolak or Mr. Delach to provide any further discussion or explanation for its action regarding Mr. Delach. *Id*. at ¶ 36. After two weeks, Mr. Delach and Mr. Podolak spoke and concluded that Lindy's layoff or discharge of Mr. Delach was a final action by Lindy. *Id*. at ¶ 37.

Mr. Delach further avers that Lindy never gave the Union any advance explanation or notice for its action against Mr. Delach. *Id*. at ¶ 38. Mr. Delach asked Mr. Podolak to raise this issue with the Union attorney, Joe Pass. *Id*. at ¶ 39. In response to Mr. Podolak's inquiry, Mr. Pass advised the Union that Mr. Delach did not have a claim under the CBA since he had been

2

"on layoff" for 30 days. *Id*.  Mr. Delach alleges that, based upon Mr. Pass's opinion, that employees lost all seniority rights following a layoff of more than 30 days, Mr. Podolak did not file a grievance. *Id*. at ¶ 40.  Mr. Delach further alleges Mr. Podolak and Mr. Pass did not investigate Lindy's procedures with respect to seniority rights and requirements for filing of grievances before deciding to not file any grievance. *Id*. at ¶ 41.  He further avers that the Union did not file a grievance until August 8, 2023. *Id*. at ¶ 43.  CAWP, on behalf of Lindy, denied the filed grievance, citing untimely filing under the CBA, and determined that, even if the grievance were timely, under the terms of the CBA, Mr. Delach had no protected seniority. *Id*. at ¶ 47. Mr. Delach contends that Lindy's actions violated the CBA, and that the Union violated its duty of fair representation. *Id*. at ¶ 42.

Both Lindy and the Union move for dismissal, arguing that Mr. Delach has failed to state a claim under Section 301 of the Labor Management Relations Act, because the Union did not breach its duty of fair representation, and because Lindy did not breach the CBA.

II.   Relevant Standard

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)).  "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

3

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co.*

*v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.' " *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great Western Mining & Mineral Co.*, 615 F.3d at 175).

III.   Discussion

In its Motion to Dismiss, Lindy argues that, despite amending his complaint, Mr. Delach once again fails to state facts sufficient to allege a breach of the Union's duty of fair representation, which is a necessary element to establish a claim against Lindy and the Union under the LMRA.  The Union also argues that Mr. Delach cannot state claim because he cannot demonstrate that the Union breached its duty of fair representation, or that Lindy violated the CBA.  Specifically, the Union maintains that it took a reasonable position, with the advice of counsel, to conclude that the CBA supported Mr. Delach's termination where Lindy had no duty to recall Mr. Delach in March 2023 after his January 2023 layoff.

In response, Mr. Delach contends that the Union acted arbitrarily and perfunctorily in its handling of the matter based upon the following:

a. The Union failed to investigate the practices at Lindy relative to the implementation of the seniority provisions of the CBA. Such an investigation would have shown that the parties' implementation of the CBA required recall of truckdrivers in order of seniority.

b. The grievance that was ultimately filed by the Union protested an unjust layoff; however, the grievance did not protest the notice violations under the CBA, claimed by Mr. Delach.

c. The Union's handling of the grievance was perfunctory, in that it was not filed timely, and the Union did not pursue arbitration to challenge the denial. Mr.

5

>Delach argues that arbitration should have been pursued to challenge ambiguous language within the CBA.

Mr. Delach argues that Lindy violated the CBA as follows:

a. It violated Section 7 of Article XV, because Lindy did not give the Union advance notice of Mr. Delach's layoff/discharge.

b. It violated Section 7 of Article XV, because Lindy failed to give the Union any explanation for the above action, even though Mr. Podolak requested an explanation.

c. It violated Section 9 of Article XII, because Lindy refused to recall Mr. Delach in accordance with his seniority status.

d. It violated Section 9 of Article XII, because Lindy constructively discharged Mr. Delach without notice to the Union.

To prevail in a § 301 Labor Management Relations Act hybrid action, an employee must prove two essential and "inextricably interdependent" elements: (1) the employer breached the collective bargaining agreement, and (2) the union breached its duty of fair representation. *DelCostello v. Teamsters*, 462 U.S. 151, 164-65, 103 S. Ct. 2281, 76 L. Ed. 2d 476 (1983); *Felice v. Sever*, 985 F.2d 1221, 1226 (3d Cir. 1993); *Podobnik v. United States Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005). In short, the plaintiff must prove that the employer breached the collective bargaining agreement in order to prevail on the breach of duty of fair representation claim against the union, and vice versa. *See United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 66-67, 67 L. Ed. 2d 732, 101 S. Ct. 1559 (1981).

A breach of the duty of fair representation occurs "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Steelworkers v. Rawson*, 495 U.S. 362, 372 (1990). Mr. Delach asserts that the Union's conduct was arbitrary. Arbitrary, for purposes of the LMRA, is defined as, "irrational" or "without a rational basis or explanation." *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 46 (1998).

"[T]his involves more than demonstrating mere errors in judgment." *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 571 (1976). Further, the Supreme Court has recognized:

> Congress did not intend judicial review of a union's performance to permit the court to substitute its own view of the proper bargain for that reached by the union. Rather, Congress envisioned the relationship between the courts and labor unions as similar to that between the courts and the legislature. Any substantive examination of a union's performance... must be highly deferential, recognizing the wide latitude that negotiators need for the effective performance of their bargaining responsibilities.

*Air Line Pilots Association, Int'l. v. O'Neill*, 499 U.S. 65, 78 (1991). "A union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness'[…] as to be irrational." *Id*. at 67.

Where a union makes a reasonable interpretation of a CBA, even if mistaken, said conduct cannot support a breach of the duty of fair representation. *Tessema v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union*, 233 F.Supp.3d 856, 864 (D. Nev. 2017). "'[H]onest, mistaken conduct' does not violate the union's duty of fair representation." *Id*. (quoting *Amalgamated Ass'n of Street, Elec. Ry. & Motor Coach Employees v. Lockridge*, 403 U.S. 274, 301, 91 S.Ct. 1909, 1925, 29 L.Ed.2d 473 (1971)). "[T]he fact that a union relies on the advice of counsel is significant evidence that the union's decision was not arbitrary. *Power v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 87 F.Supp.2d 545, 553 (E.D. Va. 2000).

Here, Mr. Delach's arguments ultimately rest upon whether the Union breached its duty of fair representation when it initially decided to not file a grievance to challenge Lindy's failure to recall Mr. Delach in Spring, 2023. As averred in the Amended Complaint, the Union, based

7

upon advice from and in conjunction with its legal counsel, decided to not file any grievance, because of the following language from Article XII, Section 9 of the CBA:

> SECTION 9. Seniority shall be broken or lost by the occurrence of any of the following events:
>
> a. Voluntary quit.
>
> b. Discharge for just cause.
>
> c. Unauthorized leave of absence.
>
> d. Unauthorized failure to report for work when scheduled for work.
>
> e. Working while under the influence of alcohol or drugs taken unless prescribed by a physician.
>
> f. Failure to follow the instructions of company supervisor.
>
> g. Performance of any act of dishonesty.
>
> h. Being negligent in the performance of assigned duties.
>
> **Seniority will be maintained for one month from date of lay-off.**

(ECF No. 12-1 at p. 17) (emphasis added).  The Union sought advice of its counsel, who opined that this last provision applied to Mr. Delach; and therefore, Mr. Delach's seniority was "broken or lost" by the lapse of one month from his date of lay-off.  While Mr. Delach is critical of this interpretation, the Union's counsel's interpretation comes from the direct language of the CBA, which under its plain language sets forth that Mr. Delach's "seniority [would] be maintained for one month from the date of lay-off."  Nothing in the Amended Complaint suggests that legal counsel's interpretation, even if ultimately incorrect, and based upon the plain language of the CBA, would be anything more than a mistake or error in judgment.  In light of the Union's actions, in seeking advice of counsel and in following legal counsel's advice and interpretation

of the CBA, when it initially decided to not file a grievance, Mr. Delach does not sufficiently allege any arbitrary conduct by the Union. Further, the Union ultimately filed a grievance, claiming that Lindy's failure to recall Mr. Delach violated the CBA. In deciding said grievance, the CAWP cited delayed filing procedural issues under the CBA, and also substantively found that Lindy did not violate the CBA when it did not recall Mr. Delach, because he had lost his seniority pursuant to Section 9 of Article XII. And, while Mr. Delach avers that the Union should have filed a grievance to challenge that Lindy breached the CBA by failing to provide proper notice, CAWP's decision confirmed that the contract language itself, rather than any procedural defect, terminated Mr. Delach's seniority. Any defects in notice would not have affected the outcome of the seniority grievance issue. The Union's actions in this regard would not have risen to a level of arbitrariness by the Union necessary to support Mr. Delach's claim. Therefore, the Amended Complaint does not contain plausible facts to sufficiently allege that the Union acted arbitrarily; and thus, the Amended Complaint does not support any breach of duty of fair representation. Without sufficiently pleading facts to support this element, Mr. Delach's Section 301 claim fails.

Accordingly, Defendants' Motions to Dismiss will be granted. Because it its clear the circumstances do not support that the Union acted arbitrarily, any amendment will be deemed futile.

A separate order will follow.

DATED this 16th day of April, 2024.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge