IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| JOHN DELACH, | ) | |
| | ) | |
| Plaintiff, | ) | 2:23-CV-01632-MJH |
| | ) | |
| vs. | ) | |
| | ) | |
| LINDY PAVING INC., LOCAL NO. 341, IBT, | ) | |
| | ) | |
| Defendants, | | |

MEMORANDUM ORDER

Plaintiff, John Delach, brought the within action pursuant to Section 301 of the Labor Management Relations Act (LMRA) against his employer, Lindy Paving, Inc. (Lindy), and his union, Local No. 341, IBT (Union). (ECF No. 12). On April 16, 2024, this Court dismissed Mr. Delach's Amended Complaint with no leave to amend. (ECF Nos. 22 and 23). Mr. Delach has moved for reconsideration. (ECF No. 34).

Following consideration of Mr. Delach's Motion (ECF No. 24), the respective briefs (ECF Nos. 25, 27, and 28), and for the following reasons, Mr. Delach's Motion will be denied.

A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "Mere dissatisfaction with a court's ruling is not a proper basis for reconsideration." *Prusky v. Phoenix Life Ins. Co.*, 2003 WL 22597610, *2 (E.D. Pa. Nov 04, 2003), citing *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993). "Motions for

reconsideration are not to be used to reargue or relitigate matters already decided." *Haymond v. Lundy*, 205 F.Supp.2d 390, 395 (E.D. Pa. 2002).

In his motion for reconsideration, Mr. Delach argues that the Union's breach of fair duty of representation arose from its failure to file a grievance based upon the employer's lack of notice to the Union for Mr. Delach's layoff. Mr. Delach's arguments amount to a rehash of his prior arguments, and the Court fully addressed the same in its interpretation and analysis of the CBA and the arguments of the parties. Mr. Delach has otherwise not set forth a basis to grant his reconsideration based upon the enumerated reasons cited above.

Accordingly, Mr. Delach's Motion for Reconsideration is denied.

DATED this 20th day of May, 2024.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge
